UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICARDO JESUS RODRIGUEZ,

             Plaintiff,

v.

PRO MEDICA HOSPITAL et al.,

             Defendants.

_____/

Case No. 1:25-cv-1440

Honorable Sally J. Berens

**OPINION**

This is a civil rights action brought by a person presently confined in state prison under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No.8.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Branch County Jail.

Plaintiff alleges:

*Denied medical care while incarcerated in Branch County Jail. 'See Medical Records.'[2]

*Overheard C[orrections ]O[fficer] Mr. Knack sa[y] he does not have to respect us as Inmates or humans.

*As I was pr to Er[3] that Branch County still had wrongfully charged my Inmate Account would like to proceed to have criminal matter as well in lawsuit.

(Compl., ECF No. 1, PageID.4.)

Plaintiff describes the medical condition at issue in his complaint as "mersa." (*Id.*, PageID.6.) Mersa is, apparently, Methicillin-resistant Staphylococcus aureus (MRSA), an infection caused by a type of staph bacteria that has become resistant to many of the antibiotics used to treat ordinary staph infections. *See, e.g., Wooler v. Hickman Cnty, Kentucky*, 377 F. App'x 502, 503 (6th Cir. 2010) (where the court addressed claims that corrections employees unlawfully exposed the plaintiff to the bacteria and then mistreated the resulting infections). Plaintiff reports that the "mersa situation" arose on May 2, 2021. (Compl., ECF No. 1, PageID.6.) Plaintiff states that he "had surgeries for mersa" and "was almost par[aly]zed from the waist down." (*Id.*,

---

[2] Plaintiff does not provide any medical records with his complaint.

[3] It appears that Plaintiff means to convey that he had been released on personal recognizance either before or as part of his hospital stay. He explains that he was "pr bonded out" when the hospital charges—charges that he contends should be borne by the county—were incurred. (Compl., ECF No. 1, PageID.15.)

PageID.8.) Prior to the surgeries Plaintiff "was denied treatment." (*Id.*) Plaintiff notes that "the jail nurse . . . push[ed] for me to go back to the hospital 'after the hospital denied me treatment.'" (*Id.*, PageID.11.)

Plaintiff seeks $15,000,000.00 in damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

5

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not specify the constitutional rights at issue in his complaint. His factual allegations regarding the failure to properly treat his MRSA infection implicate Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.[4] Plaintiff allegations regarding improper medical charges may implicate his Fourteenth Amendment right to due process before the deprivation of property.

### A.      Statute of Limitations

The statute of limitations applicable to actions under section 1983 is borrowed from state law. *Wilson v. Garcia*, 471 U.S. 261, 271–75 (1985). Specifically, the federal courts borrow the forum state's limitations period for personal injury actions related to a violation of civil rights. *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986). In Michigan, therefore, section 1983 claims are subject to the three-year statute of limitations set forth in Mich. Comp. Laws § 600.5805(8). *Id*., at 44.

Although state law governs the length of the statute of limitations, federal law governs the accrual date. *See Wallace v. Kato*, 549 U.S. 384, 387–88 (2007). "[U]nder § 1983, the statute of

---

[4] Plaintiff indicates that, at the time he filed the complaint, he was a pretrial detainee. (Compl., ECF No. 1, PageID.5.) It appears that he may have been a pretrial detainee during the events described in his complaint, as well. For convicted prisoners, Plaintiff's claims would implicate the protections of the Eighth Amendment; however, for pretrial detainees, Plaintiff's protection arises under the Fourteenth Amendment. The analysis set forth below applies whether the source of constitutional protection is the Eighth or the Fourteenth Amendment.

limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action. 'A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

*Sua sponte* dismissal may be appropriate where a statute of limitations defect is obvious from the face of the complaint. *See, e.g., Haskell v. Washington Township*, 864 F.2d 1266, 1273 n.3 (6th Cir. 1988); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510-11 (6th Cir. 2001). Plaintiff's allegations support the inference that he knew of his injuries from (1) the alleged failure to treat his medical condition during May of 2021, and (2) the alleged inappropriate hospital charges during July of 2021. Plaintiff filed this action during August of 2025, more than four years after his cause of action accrued. Plaintiff's statute of limitations defect is apparent on the face of the complaint.[5] Accordingly, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint is properly dismissed.

Nonetheless, even if Plaintiff had timely filed his complaint, he fails to state a claim.

### B.    Defendant Branch County Jail

The Branch County Jail is a building that houses inmates; it is not a person and it "is not a legal entity susceptible to suit." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *see also Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June

---

[5] State rules regarding tolling also apply. *Heard v. Strange*, 127 F.4th 630, 633 (6th Cir. 2025). The running of the period of limitation is tolled while a prisoner exhausts administrative remedies. *Id.*, at 635 (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)). Plaintiff describes the extent of his exhaustion efforts in his complaint. He verbally raised these issues to jail staff during the summer of 2021. (Compl., ECF No. 1, PageID.6, 9–14.) Thus, even considering tolling, Plaintiff's claims are properly dismissed based on his own allegations.

8, 2016) (collecting cases that hold a local jail is not a person subject to suit under section 1983). For that reason alone, Plaintiff's complaint against the Branch County Jail is properly dismissed.

Even assuming that Plaintiff intended to sue Branch County—an entity subject to suit under section 1983—he fails to state a claim upon which relief may be granted. Branch County may not be held vicariously liable for the actions of its employees under section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that "[a] 'custom' for purposes of Monell liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*. at 508.

Here, Plaintiff fails to allege the existence of a custom or policy, let alone that any policy or custom was the moving force behind his alleged constitutional injuries. *Cf. Rayford v. City of*

*Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of section 1983 action when plaintiff allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Plaintiff, therefore, fails to state a claim against Branch County.

### C.    Defendant Pro Medica Hospital

Plaintiff names Pro Medica Hospital, a "Coldwater Hospital," as a Defendant. (Compl., ECF No. 1, PageID.2.) There is presently no such hospital in Coldwater, Michigan. In the years that have passed since Plaintiff's claims accrued, Pro Medica Hospital was purchased by Insight Health System of Flint, Michigan. *See, e.g.*, Ron Southwick, *Michigan Hospital gets a new owner, and a new name*, Chief Healthcare Executive (Dec. 6, 2024), https://www. chiefhealthcareexecutive.com/view/michigan-hospital-gets-a-new-owner-and-a-new-name   (last visited Mar. 29, 2026). Whether Plaintiff intends to proceed against Pro Medica Hospital or Insight Hospital and Medical Center, however, he has failed to state a claim.

#### 1.    Acting Under Color of State Law

It is not at all clear that Plaintiff visited Pro Medica Hospital as a prisoner/detainee of Branch County or as an accused person who had been released on personal recognizance. Even if he visited as a prisoner/detainee, however, the Plaintiff's allegations suggest that Pro Medica Hospital was a private entity. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

For a private party's conduct to be under color of state law, it must be fairly attributable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be a sufficiently close nexus between the State and the challenged action of the defendant so that the action of the

9

latter may be fairly treated as that of the State itself. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). The fact that Pro Medica Hospital may have received public funding and may have been licensed by the state does not render the hospital a state actor for purposes of section 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated schools receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (allegation that hospital and social worker were subject to state licensing was insufficient to support finding that defendants were acting under color of state law); *Adams v. Vandemark*, 855 F.2d 312, 315– 16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of section 1983 action).

Plaintiff has asserted no factual allegations that would establish the requisite nexus to support a claim that Pro Medica Hospital is a state actor.

### 2.    Policy or Custom

Even if Plaintiff was a prisoner or detainee when he received care at Pro Medica Hospital, and even if there was a sufficiently close nexus between Pro Medica Hospital and Branch County, Plaintiff has failed to state a claim. It is possible that an entity contracting with a governmental entity to perform a traditional governmental function like providing healthcare to inmates can "be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting West, 487 U.S. at 54). But the requirements for a valid section 1983 claim against a municipality apply equally to private corporations that are deemed state actors for purposes of section 1983. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (recognizing that the holding in *Monell* has been extended to private corporations); *Street*, 102

10

F.3d at 817–18 (same); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 409 (2d Cir. 1990) (same); *Cox v. Jackson*, 579 F. Supp. 2d 831, 851–52 (E.D. Mich. 2008) (same).

For the same reasons that Branch County cannot be held vicariously liable for the acts of its employees, Pro Medica Hospital cannot be held vicariously liable for the acts of its employees. Furthermore, Plaintiff's complaint does not set forth sufficient allegations suggesting that his alleged constitutional injuries were the result of official policies or customs employed by Pro Medica Hospital. Indeed, Plaintiff does not allege any facts from which the Court could infer that any custom or policy led to his alleged constitutional injuries. For this reason as well, Plaintiff fails to state a claim against Pro Medica Hospital.

### D.    Corrections Officer Knack

Regarding Defendant Knack, Plaintiff alleges only that the officer was overheard stating that he did not have to respect the residents of the jail as inmates or humans. Plaintiff does not allege that Defendant Knack played any role in the medical care that Plaintiff received (or failed to receive) for his MRSA infection or in the charge imposed on Plaintiff for the medical care that Plaintiff received. Plaintiff's scant allegations against Defendant Knack fail to state any claim under section 1983. Accordingly, Plaintiff's complaint against Defendant Knack is properly dismissed.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue

Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

An order and judgment consistent with this opinion will be entered.


Dated:    March 30, 2026                              /s/ Sally J. Berens
                                                   SALLY J. BERENS
                                                   United States Magistrate Judge